UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal Case No. 2:21-CR-00410-001 |
| | § | |
| ROBERT JAMES BLANCO | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Robert James Blanco's *pro se* Motion for Reduction in Sentence. (Dkt. No. 51). For the reasons stated herein, the motion is **DENIED**.

### I. BACKGROUND

Blanco pled guilty to possession with intent to distribute approximately 30.65 grams of methamphetamine. He has served 51 months of his 130-month sentence and has a projected release date, after good-time credit, of September 1, 2030. Blanco now moves the Court to reduce his sentence to time served plus 24 months home confinement, or, alternatively, 60 months' imprisonment, based on errors the Court made at sentencing, his conditions of confinement, and his post-sentencing-rehabilitation. He submitted an administrative request for a sentence reduction to the warden of FCI-McDowell on November 22, 2024, (Dkt. No. 51-1 at 4), but says the warden never responded.

### II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially

called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

#### A. EXTRAORDINARY AND COMPELLING REASONS

##### 1. Sentencing Errors

In Ground One of his motion, Blanco complains that "the record does not reflect a confirmed DEA laboratory report for relevant conduct regarding counts 2 and 3, thus, Mr. Blanco should have received a lower Guideline calculation for a mixture of methamphetamine instead of actual." (Dkt. No. 51 at 18). He further claims that "the 10-to-1 ratio lacks empirical evidence and is overly harsh." *Id.* In Ground Two, he argues that there was no factual basis to apply a leadership enhancement under U.S.S.G. § 3B1.1 and that defense counsel was ineffective for advising him to withdraw his objection to the enhancement. In Ground Four, Blanco states that he should have received a reduced sentence because he was "just an addict who delivered small quantities of drugs . . . to support his own addiction." *Id.* at 13.

The Fifth Circuit has held "that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153 [of Title 28]." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Like Escajeda, Blanco's claims that his sentence was incorrectly calculated and that he received ineffective assistance of counsel "are the province of direct appeal or a § 2255 motion, not a compassionate release motion." *See id.* The Court further notes that Blanco did not receive an enhancement for aggravating role under Section 3B1.1. Finally, the Court previously granted a downward variance under 18 U.S.C. § 3553(a) based on the nature and circumstances of the offense and Blanco's history and characteristics. *See* (Dkt. No. 50, p. 3.). He is not entitled to an additional reduction on this ground.

### 2. Conditions of Confinement

In Ground Three of his motion, Blanco cites "his extremely restrictive conditions required by the COVID-19 pandemic," including lockdowns, limited recreation and library time, inability to program, and suspended visitation. (Dkt. No. 51 at 10).

"{T]he conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). For this reason, "[d]istrict courts across the country have denied similar motions premised on the conditions that the COVID-19 pandemic created within the Bureau of Prisons facilities." *United States v. Rodriguez-Gonzalez*, 2022 WL 17069133, at *2 (S.D. Tex. Nov. 17, 2022) (Rodriguez, Jr., J.)

4

(citing *United States v. Iruegas*, 2021 WL 1169348, at *2 (S.D. Tex. Mar. 25, 2021) (Ramos, J.) (denying motion for compassionate release based on conditions of confinement during the pandemic); *United States v. Verclas*, 2022 WL 3599144, at *4 (D. Md. Aug. 23, 2022) (same); *United States v. Fuentes*, 2022 WL 3581392, at *7 (E.D. Va. Aug. 19, 2022) (same); *Koons*, 455 F. Supp. 3d at 291 (same)).

### 3. Post-Sentencing Rehabilitation

Ground Five emphasizes Blanco's post-sentencing rehabilitative efforts. Blanco claims that he has been a model inmate and maintained clear conduct during the last four years, except for one misconduct report. He states that he holds a job, receives excellent work evaluations, and has successfully completed a host of classes and programs, including the 40-hour drug program.

Blanco has submitted no evidence of his rehabilitative efforts or conduct in prison. Moreover, while the Court may consider a defendant's rehabilitation in combination with other circumstances, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

### B. SENTENCING GUIDELINES POLICY STATEMENTS AND 18 U.S.C. § 3553(a) FACTORS

At sentencing, Blanco was held accountable for 5,486.93 kilograms of converted drug weight based on quantities of methamphetamine, heroin, cocaine, and crack cocaine that were attributable as relevant conduct. *See* (Dkt. No. 26, PSR ¶¶ 26, 32). He received

enhancements because he possessed three weapons (two of which were loaded), and because he advertised the sale of narcotics in an online chat room via social media. (*Id.* ¶¶ 33–34). Blanco's scored criminal history included convictions for possession of cocaine and possession of Acetaminophen/Hydrocodone pills, and his unscored criminal history included a conviction for interfering with public duties. (*Id.* ¶¶ 44–46).

Based on the nature and circumstances of the offense of conviction and Blanco's criminal history, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Blanco when he has served less than half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Blanco's Motion for Reduction in Sentence, (Dkt. No. 51), is **DENIED**.

It is SO ORDERED.

Signed on July 18, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**